**Patrick R. SMITH, Plaintiff,**

**Michael A. Deem, Appellant,**

**v.**

**WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, Correction Officer Gottlob, Warden Amiccuci, Corrections Officer Rennalls, # 643, Emergency Response Team, Sergeant John Doe, Defendants–Ap-**

pelle.*

No. 13–4073.

United States Court of Appeals,
Second Circuit.

Aug. 26, 2014.

Michael H. Sussman, Sussman & Watkins, Goshen, NY, for Appellant.

Justin R. Adin, Senior Assistant County Attorney, for Robert F. Meehan, Westchester County Attorney, White Plains, NY, for Appellees.

PRESENT: JOHN M. WALKER, JR., RICHARD C. WESLEY and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Appellant Michael A. Deem appeals from orders dated September 16, 2013, and October 10, 2013, by the United States District Court for the Southern District of New York (Scheindlin, J.) that imposed sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure and pursuant to the district court's inherent authority to manage its own affairs. *See Smith v. Westchester Cnty. Dep't of Corrections,* No. 07 Civ. 1803(SAS), 2013 WL 5192751 (S.D.N.Y. Sept. 16, 2013). A district court's decision to impose sanctions pursuant to Rule 11 or its inherent authority is reviewed for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (Rule 11); *Enmon v. Prospect Capital Corp.,* 675 F.3d 138, 143 (2d Cir.2012) (inherent authority). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Rule 11 permits sanctions against a litigant who submits a pleading or motion that, evaluated "under an objective standard of reasonableness, . . . [has] no chance of success and [makes] no reasonable argument to extend, modify or reverse the law as it stands." *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.,* 28 F.3d 259, 264 (2d Cir.1994) (internal citation and quotation marks omitted). A court's inherent authority permits it to impose sanctions where an attorney has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) (internal quotation marks omitted). "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.,* motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir.1999).

Here, after the district court denied his request to file a Second Amended Complaint adding a new defendant after nearly five years of litigation, Deem filed a motion for reconsideration with no chance of success that the district court reasonably determined to have been filed in bad faith. Without elaboration, Deem's motion asserted that defense counsel had admitted the unavailability of a logbook to constitute "intentional or reckless spoliation"; alleged that defense counsel had made "repeated misstatements to the Court"; and

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

concluded that the purported spoliation warranted a negative inference that the defendant named in the proposed Second Amended Complaint had been on constructive notice that he might be included in the litigation. The motion offered no legal analysis and no explanation of how the purportedly spoliated evidence bore on notice or could warrant an inference against a nonparty.

In light of all the circumstances, we conclude that the district court did not abuse its discretion in determining that the motion was made in bad faith, had no chance of success, and warranted sanctions. We have considered all of Appellant's arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED**.